UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

TOWFIQUE MOHAMMED,

                          Defendant.

**DECISION AND ORDER**
06-CR-106S

     1.      On April 6, 2006, Defendant Towfique Mohammed appeared before this Court and pled guilty to a single-count Information charging him with being an alien who attempted to re-enter the United States after previously having been deported in violation of 8 U.S.C. § 1326(a) and (b).   The Information alleges that this criminal conduct occurred on September 9, 2005.  Defendant did not enter a plea agreement with the Government.

     2.      The Government prepared and filed its Calculation of Maximum Sentence and Sentencing Guidelines Range pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991).  (Docket No. 13.)  Therein, the Government calculates Defendant's advisory guideline range as 15-21 months based on a Criminal History Category of II and a Total Offense Level of 13.

     3.      After Defendant entered his guilty plea, the Probation Officer prepared a draft PreSentence Investigation Report ("PSR") using the 2005 United States Sentencing Guidelines (U.S.S.G.) Manual.  Counsel for the parties and the Probation Officer then discussed various objections to the PSR, particularly as they pertain to the application of an 8-level specific offense enhancement pursuant to U.S.S.G § 2L1.2(b)(1)(C) for conviction of an aggravated felony.

4.      Initially the Probation Officer did not apply the 8-level enhancement. But after further discussions and consultation, the Probation Officer revised the PSR and determined that the 8-level enhancement applied.   Thus, the operative PSR (last revised on January 17, 2007), calculates Defendant's Total Offense Level as 13 and his Criminal History Category as III, which results in an advisory guideline range of 18-24 months.

5.      On December 4, 2006, Defendant filed Objections to the PSR challenging the 8-level enhancement.   (Docket No. 28.)   The parties fully briefed Defendant's Objections and advised this Court of supplemental authority, specifically the United States Supreme Court's decision in Lopez v. Gonzales, -- U.S. --, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). Sentencing is scheduled for Monday, June 25, 2007.  For the reasons discussed below, this Court finds that the 8-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) is properly applied.  Consequently, Defendant's Objections to the PSR are denied.

6.      A defendant who is convicted of unlawfully entering the United States in violation of 8 U.S.C. § 1326 is assigned a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a).   If the defendant was also previously deported after being convicted for an aggravated felony, the 8-level specific offense characteristic enhancement is also applied. See U.S.S.G. § 2L1.2(b)(1)(C).

7.      To determine whether a prior conviction is an "aggravated felony," the definition of that term as it is used in 8 U.S.C. § 1101(a)(43) must be applied.  See Application Note 3(A) to U.S.S.G. § 2L1.2.  And for purposes of the instant case, the relevant definition of "aggravated felony" is the one found in 8 U.S.C. § 1101(a)(43)(B), which provides that an "aggravated felony" is "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section

2

924(c) of Title 18)."  Section 924(c) of Title 18(c) defines the term "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  See 18 U.S.C. § 924(c)(2).  The Controlled Substances Act defines a felony as  "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13).

8.      The question presented is whether either or both of Defendant's prior controlled substance convictions are felonies punishable under the Controlled Substances Act.  Defendant has a New York conviction for Attempted Criminal Possession of a Controlled Substance in the 7th Degree (a Class B misdemeanor) from 1987, and a Texas conviction for Possession of a Controlled Substance Weighing Less than 1 Gram (a 4th Degree felony), from 2002.

9.      In United States v. Simpson, the Second Circuit Court of Appeals construed the term "aggravated felony" as it is used in the Guidelines, particularly in U.S.S.G. § 2L1.2.  319 F.3d 81, 85-86 (2003).  After tracking the cross-references discussed above, the Second Circuit held that "a drug trafficking offense is an 'aggravated felony' when it is: (1) an offense *punishable* under the CSA, and (2) can be classified as a felony under either state *or* federal law."  Id. at 85 (citing United States v. Pornes-Garcia, 171 F.3d 142, 145 (2d Cir. 1999) and United States v. Polanco, 29 F.3d 35, 38 (2d Cir. 1994)) (emphasis in original).

10.     And among other findings, the Second Circuit held that the New York misdemeanor convictions at issue were "aggravated felonies" for purposes of the Guidelines because they were punishable under federal law.  Simpson, 319 F.3d at 85. In particular, the court found that "Simpson's conviction for Criminal Possession of Marijuana in the Fourth Degree in 1993 under New York law is an aggravated felony within the meaning of the Guidelines, because that offense would have been punishable as a felony under the CSA."  Id. (citing 21 U.S.C. § 844(a)).  Under 21 U.S.C. § 844(a), an individual who has "a prior conviction for any drug, narcotic or chemical offense chargeable under the law of any State" is subject to increased punishment of more than one year.

11.     Defendant's principal objection[1] centers around his argument that Simpson is distinguishable on the basis that his 1987 conviction is for attempted possession of a controlled substance, which does not qualify as "any drug, narcotic, or chemical offense" under 21 U.S.C. § 844(a).  In support of this position he relies on United States v. Arellano-Torres, 303 F.3d 1173 (9th Cir. 2002), where the court determined that recidivist sentencing enhancements, such as those in 21 U.S.C. § 844(a), are not properly considered in determining whether an offense is punishable as a felony under federal law. But there has been no showing that the Second Circuit applies this standard, and indeed, the Ninth Circuit's decision is in conflict with Simpson.  For that reason, it is not persuasive.

12.     Moreover, this Court is not persuaded by Defendant's attempt to distinguish Simpson.  Section 844(a) of Title 21 provides for enhanced punishment beyond one year for simple possession of a controlled substance if the conviction follows "a prior conviction

---

[1]Defendant also objects to the PSR on the grounds that (1) certain amendments to the PSR are untimely, (2) no change in law required modification of the PSR, and (3) the PSR does not include an explanation as to why modification is necessary.  None of these arguments are persuasive.

4

for any drug, narcotic, or chemical offense chargeable under the law of any State." While this Court recognizes that Defendant's 1987 misdemeanor conviction was for attempted possession of a controlled substance, which is obviously different than the misdemeanor convictions for criminal *sale* of a controlled substance involved in Simpson, the difference is of no avail. Defendant's conviction is still "a prior conviction for *any* drug . . . offense chargeable under the law of any State." 21 U.S.C. § 844(a) (emphasis added). The term "any" used in the statute encompasses Defendant's 1987 conviction and Defendant has not persuasively demonstrated otherwise.

13. Finally, nothing in the Lopez decision — where the United States Supreme Court held that conduct that constitutes a felony under state law but a misdemeanor under the Controlled Substances Act is not a "felony punishable under the Controlled Substances Act" — disturbs the Second Circuit's decision in Simpson. Lopez, 127 S.Ct. at 627. Here, the conviction at issue is punishable as a felony under both state and federal law; this case does not present the question of whether conduct constituting a state felony but federal misdemeanor is an aggravated felony. In fact, the discussion in footnote 6 of the Court's decision in Lopez supports the conclusion that the recidivist enhancement is properly considered in conducting the analysis necessary to make the "aggravated felony" determination. Id. at 630, n.6.

14. Thus, applying Simpson to the instant case, this Court finds that Defendant's 2002 Texas felony conviction for Possession of a Controlled Substance is an aggravated felony under U.S.S.G § 2L1.2(b)(1)(C). First, it is an offense punishable under 21 U.S.C. § 844(a) because it is a subsequent controlled substance offense given Defendant's 1987

conviction for Attempted Criminal Possession of a Controlled Substance.  Second, it is a felony under Texas law.  Accordingly, Defendant's Objections are denied, and this Court finds that application of the 8-level enhancement pursuant to U.S.S.G § 2L1.2(b)(1)(C) is proper.[2]


IT HEREBY IS ORDERED, that Defendant's Objections to the PreSentence Investigation Report (Docket No. 28) are DENIED.

SO ORDERED.


Dated:       June 29, 2007
             Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge


---

[2]This Court will resolve Defendant's Motion for a Non-Guidelines Sentence at the time of sentencing.